**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2303-16T3

SAMUEL CHERNIN,

    Plaintiff-Appellant,

v.

BETTE CHERNIN,

    Defendant-Respondent.

_____

Submitted March 19, 2018 - Decided June 5, 2018

Before Judges Messano and Accurso.

On appeal from Superior Court of New Jersey,
Chancery Division, Family Part, Bergen
County, Docket No. FM-02-26072-90.

Franzblau Dratch, PC, attorneys for
appellant (Patrick T. Collins, on the
briefs).

Callagy Law, PC, attorneys for respondent
(Brian P. McCann, on the brief).

PER CURIAM

    Plaintiff Samuel Chernin appeals from a series of post

judgment orders denying his motions to be relieved of his

permanent alimony obligation to defendant Bette Chernin and his

agreement to maintain a life insurance policy while his obligation remained. Because we agree with the Family judge that plaintiff did not establish changed circumstances entitling him to relief, we affirm.

These parties were before us two years ago, when defendant appealed another judge's order terminating her alimony based on retroactive application of the 2014 amendments to the alimony statute. We summarized the undisputed facts at that time as follows:

> The parties were married in 1958 and divorced in 1992. In their property settlement agreement incorporated in the judgment of divorce, they agreed plaintiff would pay permanent alimony of $100,000 per year until July 1, 1997, when the payment would increase to $150,000 annually. The agreement also required plaintiff to maintain $800,000 in life insurance payable to defendant for so long as plaintiff's alimony obligation remained.
>
> In 1996, plaintiff moved to terminate his alimony retroactively based on defendant's cohabitation. Following a five-day plenary hearing, Judge Torack granted [plaintiff's] motion in part. Finding defendant was cohabiting, the judge ordered defendant to reimburse plaintiff for past overpayments going back to the date of inception of alimony in the sum of $81,200, and reduced plaintiff's ongoing alimony obligation by $12,000 annually.
>
> Plaintiff appealed, contending the court erred in reducing his obligation instead of terminating it in accordance with

the test adopted in Gayet v. Gayet, 92 N.J. 149 (1983). Defendant cross-appealed, arguing the court erred in concluding she derived any economic benefit from her cohabitation. She argued her alimony should not have been reduced, and, in any event, should not have been reduced retroactively to the date of inception of the obligation instead of to the date defendant filed his motion.

In an unreported opinion, we rejected plaintiff's argument that his alimony should have been terminated, noting "there was no express language in the parties' property settlement agreement that cohabitation would result in the termination of alimony." Chernin v. Chernin, No. A-4249-96 (App. Div. Feb. 27, 1998) (slip op. at 3). We affirmed the reduction of alimony in accordance with the trial court's judgment of defendant's reduced need based on her cohabitation, but we reversed that part of the order retroactively modifying the obligation beyond the filing date of plaintiff's motion. Id. at 3-4. Plaintiff's petition for certification was denied by the Supreme Court. Chernin v. Chernin, 156 N.J. 381 (1998).

[Chernin v. Chernin, No. A-2470-14 (App. Div. Mar. 2, 2016) (slip op. at 2-3).]

Because we concluded the 2014 amendments to the alimony statute did not apply, and plaintiff conceded his age at that point would not provide a basis for changed circumstances under Lepis v. Lepis, 83 N.J. 139 (1980), as he continued to work and could well afford the alimony, we reversed and remanded "for entry of an order reinstating plaintiff's alimony obligation

A-2303-16T3

retroactive to that order on such terms as the court deems equitable and just."  Id. at 9.  We noted, however, that "[p]laintiff, of course, remains free to move to modify his alimony obligation upon a showing of changed circumstances." Ibid.  The Supreme Court denied plaintiff's petition for certification.  Chernin v. Chernin, 226 N.J. 213 (2016).

A few weeks after the Court denied his petition, plaintiff made a motion to terminate his alimony based on changed circumstances.  Plaintiff acknowledged his own circumstances had not changed.  Although then seventy-eight years old, he was still working and had no plan to retire.  Instead, he claimed defendant's circumstances had changed.  Despite conceding defendant remained in the same relationship Judge Torack considered on plaintiff's 1996 motion, he argued "[i]n the ensuing nineteen years, their relationship has . . . become the equal of that of a married couple."

As to the insurance policy he agreed at the time of the divorce to maintain in favor of defendant "to the extent of $800,000.00 for so long as the alimony obligation shall continue," plaintiff admitted he had let the policy lapse and contended "securing it would be cost prohibitive for [him] at [his] age."  He maintained collecting on any such policy would be a windfall to defendant at this stage and because he was

"presumably entitled to retire at any time, and thus terminate [his] alimony obligation," he claimed "it would be neither fair nor sensible for [him] to be required to provide such coverage."

Defendant opposed the motion, arguing her continued cohabitation with the same man she had been cohabiting with in 1996 did not represent any changed circumstances. She further pointed to the several concessions plaintiff made to the trial court and this court in connection with his 2014 application "that with the exception of the new statutory amendments, nothing else [had] changed in the intervening twenty years." Chernin, No. A-2470-14, slip op. at 4. Defendant cross-moved to enforce the parties' agreement for plaintiff to maintain life insurance.

The trial judge denied plaintiff's motion to reduce his alimony, finding no changed circumstances, and enforced his agreement to maintain the $800,000 life insurance policy specified in the parties' property settlement agreement.

Specifically, the judge rejected plaintiff's claim that defendant's relationship "grew from one in which they technically maintained separate residences," at the time of the hearing before Judge Torack, "to one in which they behave in all respects like a married couple." The judge pointed out Judge Torack found in 1996 that despite their separate residences,

defendant and her partner spent six or seven days together almost every week, dined together almost every night, traveled together, comingled their finances, treated one another's homes as their own and maintained an intimate and exclusive relationship indistinguishable from that of a family as described in Gayet. The judge found "nothing had changed" and plaintiff could not relitigate the same cohabitation claim he succeeded on twenty years ago.

As to the insurance policy, the judge noted plaintiff provided only generalized estimates from an insurance broker about what a policy might cost for someone plaintiff's age but nothing specific as to plaintiff. The judge found she could not assess plaintiff's claim that such a policy would be prohibitively expensive without knowing something about plaintiff's finances, which he had not disclosed. Judge Torack found plaintiff's gross income at the time of the divorce was $364,000 and in 1994 it was $989,000. The judge concluded plaintiff offered no reasonable basis for having allowed the policy to lapse and had not shown why he should be relieved of an obligation voluntarily undertaken at the time of the parties' divorce.

Plaintiff appeals, arguing "the payer [sic] of alimony to a recipient in a cohabiting relationship is entitled to a review

6                                              A-2303-16T3

of the cohabitants' relationship at least once every twenty years" and that his "obligation to provide life insurance should be reduced or terminated." We reject plaintiff's arguments and affirm, essentially for the reasons expressed by Judge Francois in her opinions delivered from the bench on the motions.

As we stated the last time we reviewed this matter, plaintiff "remains free to move to modify his alimony obligation upon a showing of changed circumstances" under Lepis, 83 N.J. at 146 (emphasis added). Plaintiff is not entitled to a review of his permanent alimony obligation based simply on the passage of time. The law is well settled that "[a] prima facie showing of changed circumstances must be made before a court will order discovery of an ex-spouse's financial status." Id. at 157.

As the record demonstrates plaintiff offered nothing to suggest that either his own or defendant's circumstances have changed substantially since Judge Torack found defendant and her partner "enjoyed a permanent, social, personal, intimate and a business relationship" akin to that of a family, we agree plaintiff failed to carry his burden on the motion. His assertion that defendant and her partner now "behave in all respects like a married couple" is obviously insufficient.

We find no error in the trial judge's finding that plaintiff failed to demonstrate any entitlement to relief from

7

his voluntary obligation to maintain an $800,000 life insurance policy in favor of defendant so long as his alimony obligation continued. The case on which plaintiff relies in this court, Konczyk v. Konczyk, 367 N.J. Super. 551 (Ch. Div. 2003), is plainly inapposite as the question there was "whether plaintiff . . . , the decedent's ex-wife . . . , is entitled to receive $15,000 in life insurance proceeds when under the Final Judgment of Divorce, only $2,000 in alimony remained to be paid to her at the time of the decedent's death." Id. at 552-53. That case, which involved a specific sum of term alimony, has no applicability in this matter.

We agree with the trial court that plaintiff has not demonstrated his voluntary undertaking in the property settlement agreement is somehow unenforceable, see Peskin v. Peskin, 271 N.J. Super. 261, 276 (App. Div. 1994), or that its continued enforcement is unjustified in light of changed circumstances, Lepis, 83 N.J. at 157.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION